IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10392
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES PAUL BEASLEY,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:94-CR-104-A
- - - - - - - - - -
June 27, 1996
Before HIGGINBOTHAM, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Court-appointed counsel for James Paul Beasley has filed a brief as required by Anders v. California, 386 U.S. 738, 744, (1967), and we have independently reviewed counsel's brief, the points raised by Beasley, and the record, and found no nonfrivolous issue.  Accordingly, counsel is excused from further responsibilities herein and the APPEAL IS DISMISSED.

In response to his counsel's brief, Beasley asserts that his counsel was ineffective in failing to show that the firearm was

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

not stolen, and he requests that new counsel be appointed to pursue his appeal. "The general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987), cert. denied, 484 U.S. 1075 (1988); accord United States v. Andrews, 22 F.3d 1328, 1345 (5th Cir.), cert. denied, 115 S. Ct. 346 (1994). Beasley's ineffective-assistance claim cannot be resolved on direct appeal because the record has not been developed sufficiently to allow this court to evaluate fairly its merit.

Beasley's request for the appointment of new appellate counsel is DENIED.